UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON STEWART,

    Petitioner,

v.

LLOYD RAPELJE,

    Respondent,
_____/

Civil No. 2:09-CV-11664
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE MOTION FOR SUMMARY JUDGMENT AND COMPELLING ANSWER ADDRESSING PETITION'S MERITS AND THE RULE 5 MATERIALS

Gordon Stewart, ("petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for second-degree murder, M.C.L.A. 750.317, operating a motor vehicle under the influence of intoxicating liquor causing death, M.C.L.A. 257.625(4), operating a motor vehicle while license suspended or revoked causing death, M.C.L.A. 257.904(4), possession of an open container of alcohol in a moving vehicle, M.C.L.A. 257.624a, and being a fourth felony habitual offender, M.C.L.A. 769.12. Respondent has filed a motion for summary judgment, contending that petitioner has failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed a reply to the motion. For the reasons stated below, the motion for summary judgment is denied and respondent is ordered to

file an answer addressing the merits of the petition within thirty days of the Court's order.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Macomb County Circuit Court. Petitioner's direct appeals with the Michigan courts ended on February 19, 2008, when the Michigan Supreme Court denied petitioner leave to appeal after the Michigan Court of Appeals affirmed his conviction. *People v. Stewart,* 480 Mich. 1074; 744 N.W. 2d 148 (2008).

Petitioner filed his petition for writ of habeas corpus with this Court on May 1, 2009. [1] On May 8, 2009, Magistrate Judge R. Steven Whalen signed an order of responsive pleadings. [2] On May 26, 2009, petitioner filed a brief in support of the petition for writ of habeas corpus. [3]

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c). To defeat a motion for summary

---

[1] This Court's Dkt. Entry # 1.

[2] This Court's Dkt. Entry # 4.

[3] This Court's Dkt. Entry # 5.

judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 835 (E.D. Mich. 2001). The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan

Supreme Court denied leave to appeal on February 19, 2008. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on May 19, 2008, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Absent collateral review, petitioner would have until May 19, 2009 to file his habeas petition in compliance with the statute of limitations.

Respondent contends that the petition for writ of habeas corpus is untimely because it was filed on May 26, 2009, after the one year limitations period had expired. Respondent, however, appears to be confusing petitioner's brief in support of his petition for writ of habeas corpus with the actual petition itself, which was filed on May 1, 2009 with this Court. Petitioner's initial habeas petition, and not any subsequently filed brief or memorandum in support of that petition, constitutes the relevant pleading for determining whether petitioner's habeas application is time-barred under the AEDPA's statute of limitations. *See Mahaffey v. Ramos,* 588 F. 3d 1142, 1144-45 (7th Cir. 2009)(petitioner's motion to reinstate his prior habeas petition, not the later-filed supporting memorandum, constituted the habeas petition, for purpose of determining whether the petition was time-barred, where the motion to reinstate stated the relief requested, by

4

asking the court to grant the petition, it specified the ground for relief, and the motion also stated the facts supporting petitioner's claim); *Carpenter v. U.S.*, 492 F. Supp. 2d 912, 918 (N.D. Ill. 2007)(federal defendant's motion to vacate sentence filed pursuant to 28 U.S.C. § 2255, which asserted that his forthcoming memorandum in support of his motion would provide the factual basis for his claims, was timely, even though forthcoming memorandum was not filed until after one-year statutory time frame had expired, where defendant otherwise delivered his initial motion to prison authorities within the statutory time frame). Because petitioner's initial habeas application was filed on May 1, 2009, within the one year time frame for filing his habeas petition, petitioner complied with the one year statute of limitations. [4]

Because there is insufficient evidence to conclude that the habeas petition is time barred by the statute of limitations, the Court will deny the motion for summary judgment and order the respondent to file an answer that responds to the merits of petitioner's habeas claims within thirty days of the Court's order. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001); *See also Corbin,* 156 F. Supp. 2d at 837.

The court also orders Respondent to provide any the Rule 5 materials

---

[4] Petitioner contends that the petition should be deemed filed as of April 29, 2009, pursuant to the prison mailbox rule enunciated in *Houston v. Lack*, 487 U.S. 266, 276 (1988), because he placed his petition in the prison legal mail system on that date. Given that the petition for writ of habeas corpus is timely filed even if the Court considers it filed only on the date that it was received by the Court, petitioner's contention is moot.

which it has not already provided at the time it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F. 3d at 654.

## ORDER

Accordingly, the Court **ORDERS** that the motion for summary judgment [Dkt. # 7] is **DENIED.**

The Court further **ORDERS** respondent to submit an answer addressing the merits of petitioner's habeas claims within **THIRTY DAYS** of the date of this order. Respondent is further ordered to any additional Rule 5 materials that have not already been filed with the Court at the time that it files its answer.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 22, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 22, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager